NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONNA BULLOCK,

      Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

      Defendant - Appellee.

No. 23-3671

D.C. No.
2:23-cv-00360-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted June 6, 2025[**]
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

Donna Bullock appeals the district court's decision affirming the

Commissioner of Social Security's denial of her applications for disability

insurance benefits and supplemental security income. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm.

1. The administrative law judge ("ALJ") is required to articulate the persuasiveness of each medical opinion, explaining whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(b), 404.1520c(c). Substantial evidence supports the ALJ's findings that Dr. Luci Carstens's and physician assistant Kathleen Kitchell's medical opinions were not supported by or consistent with the record.

Dr. Carstens's opinion reported marked or severe limitations in Bullock's mental functioning, but Dr. Carstens gave no narrative explanation for those ratings. The only objective evidence Dr. Carstens reviewed was an intake evaluation from March 2020, so the ALJ properly found Dr. Carstens's opinion not persuasive because it was "not supported by any explanation" or "pertinent exam findings." *See Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022). To support the finding that Dr. Carstens's opinion was inconsistent with the record, the ALJ cited several pieces of evidence, including medical reports that Bullock responded well to therapy and medication, and counseling notes that focused on Bullock's "situational stressors rather than . . . her mental conditions." Because Dr. Carstens's opinion was not consistent with the record, the ALJ properly rejected her opinion. *See id.* at 792–93.

Kitchell based her opinion on "xrays, CT abdomen, [and] physical exam," but she did not provide that evidence or cite to any evidence in the record. Because Kitchell did not provide or cite to any "pertinent exam findings," the ALJ properly found that Kitchell's opinion was not supported by the record. *See id.* at 794. Finding that Kitchell's opinion was also inconsistent with the record, the ALJ cited Bullock's X-rays, medical records, and mental status reports contradicting Kitchell's opinion. Because Kitchell's opinion was not consistent with the record, the ALJ properly rejected her opinion. *See id.* at 792–93.

2. When there is no evidence of malingering, the ALJ must provide "specific, clear, and convincing reasons" for rejecting the claimant's subjective symptom testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678–79 (9th Cir. 2017). We hold that the ALJ properly discounted Bullock's subjective symptom testimony.

The ALJ discounted "the intensity, persistence, and limiting effects" of Bullock's subjective symptom testimony because Bullock's testimony was inconsistent with objective medical evidence. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (holding that "[c]ontradiction with the medical record" is sufficient for rejecting claimant's testimony). Contradicting Bullock's testimony that she had frequent bowel incontinence, the ALJ cited medical records showing that Bullock's gastrointestinal condition was stable. *See Wellington v. Berryhill*,

878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."). Contradicting Bullock's testimony that she was severely limited in her ability to stand or walk and spent days each week bedridden, the ALJ cited Bullock's X-rays and treatment notes indicating that her knee problems "resolved significantly." *See id.* And contradicting Bullock's testimony that she had chronic and severe back pain, the ALJ cited medical records showing minimal treatment for Bullock's back problems. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment." (cleaned up)).

Contradicting Bullock's testimony that she had "severe cognitive, social, and mental dysfunction," the ALJ explained that Bullock was "gainfully employed" for years despite her post-traumatic stress disorder and depression. *See Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021). The ALJ also cited evidence that Bullock responded well to medication and demonstrated logical thought processes, normal concentration, intact memory, and full alertness. *See Wellington*, 878 F.3d at 876. Because "the ALJ's rationale is clear enough that it has the power to convince," *see Smartt*, 53 F.4th at 499, the ALJ provided sufficiently specific, clear, and convincing reasons for discounting Bullock's testimony, *see Trevizo*, 8731 F.3d at 678.

4                                                                    23-3671

3. Bullock contends that the ALJ erred in determining her residual functional capacity ("RFC"). But the ALJ addressed Bullock's physical and mental limitations in calculating Bullock's RFC and relied on the vocational expert's ("VE") testimony that a person with Bullock's functional limitations could perform relevant work as an administrative assistant.

Bullock also contends that the VE's testimony was based on "flawed hypothetical questions" because the ALJ's questions did not incorporate Dr. Carstens's or Kitchell's medical opinions or Bullock's subjective symptom testimony. The ALJ's hypothetical questions to the VE were not flawed, however, because the ALJ properly found Dr. Carsten's and Kitchell's opinions not persuasive and properly discounted Bullock's subjective symptom testimony. For those reasons, the ALJ did not err in determining Bullock's RFC. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

**AFFIRMED.**

23-3671